UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DONALD HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-16-503-R |
| | ) | The Honorable |
| NATIONAL LLOYDS INSURANCE | ) | |
| COMPANY, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, National Lloyds Insurance

Company ("NLIC"), hereby removes the above-captioned action from the District Court of

Cleveland County, State of Oklahoma to this Court. Pursuant to LCvR 81.2(a), a copy of the

state docket sheet as well as all documents filed or served in the state court action are

attached hereto as **EXHIBITS 1-6**.

The removal of this case to federal court is based on the following.

## PROCEDURAL HISTORY

1.      Plaintiff asserts that on or about May 27, 2015, his home, including the roof

thereof, was damaged by wind and hailstorm.

2.      On May 27, 2015, there was in effect between Plaintiff and NLIC a policy of

insurance identified as Policy No. OM0000249-05, with effective dates of September 8,

2014, to September 8, 2015 ("the Policy.")

3.      Plaintiff submitted a claim (Claim No. NL 385804) for damage to NLIC on or about August 21, 2015.  NLIC investigated and evaluated Plaintiff's claim, and issued payment to Plaintiff based on its claim determination.

4.      Plaintiff disputed NLIC's claim determination, asserted he was entitled to additional payment under the Policy.

5.      On April 14, 2016, Plaintiff filed suit against NLIC.  (*See* Petition, Cleveland County Case No. CJ-2016-436, **EXHIBIT 2**.)

6.      Paintiff's Petition asserts causes of action against NLIC for breach of contract and breach of the duty of good faith and fair dealing.  (*See* Petition, **EXHIBIT 2**.)

7.      Plaintiff seeks a "judgment against [NLIC] in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable."  (*See* Petition, p. 3, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

8.      "'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  Generally, jurisdiction depends upon the state of

things at the time of filing. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004).

9.      At the time of filing, federal question jurisdiction did not exist.  Plaintiff's Petition does not contain allegations that the Constitution or any federal statute had been violated.  Thus, this case is removable only if diversity jurisdiction exists.

10.      For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

11.      At the time of filing, NLIC was a foreign corporation, incorporated under the laws of the State of Texas with "nerve center" or "principal place of business" in Texas. Thus, at the time Plaintiff filed suit, NLIC was a citizen of the State of Texas.   NLIC was not a citizen of the State of Oklahoma at the time Plaintiff filed his Petition.

12.      Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma.  (*See* Petition, ¶ 1, **EXHIBIT 2**.)  Plaintiff was not a citizen of the State of Texas.

13.      Plaintiff and NLIC are citizens of different states.  The complete diversity requirement of 28 U.S.C. § 1332 is met.

3

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

14.     Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

15.     "The right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed."  *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00.

16.     Specifically, Plaintiff is seeking a "judgment against [NLIC] in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable."  (*See* Petition, p. 3, **EXHIBIT 2**.)

17.     Therefore, as disclosed by the pleadings, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

18.     This Notice of Removal is timely filed.  Title 28 U.S.C. § 1446(b)(1) requires that the "removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

19.     Plaintiff's Petition was delivered to the Oklahoma Insurance Department on April 20, 2016, and received by NLIC on April 22, 2016.  (*See* **EXHIBIT 7**, Summons with

Oklahoma Insurance Department receipt stamp dated April 20, 2016, and **EXHIBIT 8**, envelope from the Oklahoma Insurance Department to NLIC, stamped with receipt date of April 22, 2016.)  Thus, NLIC's Notice of Removal is timely filed.

20.     Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought.  *See* 28 U.S.C. § 1441(b). NLIC is not a citizen of Oklahoma, the State in which this action was brought. Therefore, this requirement is also met.

21.     Lastly, this Notice of Removal has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending."  28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Cleveland County, State of Oklahoma.  The Western District of Oklahoma includes the County of Woodward County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

22.     Pursuant to 28 U.S.C. § 1446(d), NLIC will serve written notice of the filing of this Notice of Removal upon Plaintiff.  As required, NLIC will also file a copy of the Notice of Removal with the Clerk of the District Court in and for Cleveland County, State of Oklahoma.

WHEREFORE, Defendant, National Lloyds Insurance Company, removes this action from the District Court in and for Cleveland County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

_____

Dawn M. Goeres, OBA No. 21923
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:    405-606-3334
Email:        dawn@pclaw.org
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This certifies that on May 12, 2016, the above and foregoing instrument was delivered to the following counsel of record via U.S. Mail and Email:

Steven S. Mansell, Esquire                    *VIA EMAIL AND U.S. MAIL*
Mark A. Engel, Esquire
Kenneth G. Cole, Esquire
Adam Engel, Esquire
MANSELL, ENGEL & COLE
101 Park Avenue, Suite 665
Oklahoma City, Oklahoma 73102
Telephone:    405-232-4100
Facsimile:    405-232-4140
Email:        mec@meclaw.net
**ATTORNEYS FOR PLAINTIFF**

I hereby certify that on May 12, 2016, I served the same document by Hand-Delivery to the following, who are not registered participants in the ECF system:

Ms. Rhonda Hall, Court Clerk                  *VIA HAND-DELIVERY*
200 S. Peters Avenue
Norman, Oklahoma 73069


_____
For the firm