EXHIBIT 2

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY }

FILED In The
Office of the Court Clerk

APR 14 2016

Rhonda Hall, Court Clerk

**IN THE DISTRICT COURT OF CLEVELAND COUNTY**
**STATE OF OKLAHOMA**

DONALD HENSON,

    Plaintiff,

v.

NATIONAL LLOYDS INSURANCE COMPANY, a corporation,

    Defendant.

Case No:

CJ-16-436 TB

*JURY TRIAL DEMANDED*

## PETITION

COMES NOW Plaintiff, Donald Henson, and for his cause of action against the Defendant allege and state:

1. At all times material hereto Plaintiff owned the subject property located at 7201 180th Street, Noble, Oklahoma.

2. At all times material hereto, Plaintiff was insured with National Lloyds Insurance Company by a property and liability insurance policy, effective date September 8, 2014, policy no. OM0000249-05.

3. On May 27, 2015, Plaintiff's home, including the roof thereof, was damaged by a wind and hailstorm, which was a covered loss under Plaintiff's insurance policy with Defendant.

4. Plaintiff timely submitted a claim to National Lloyds (numbered NL 385804 by Defendant) and allowed the insurer to do any and all inspections or other investigation it desired to do.

5. National Lloyds breached the subject insurance contract by wrongfully denying Plaintiff's claim for wind and hail damage to Plaintiff's roof.

6. In their handling of Plaintiff's claim, National Lloyds breached the insurance contract and the implied covenant of good faith and fair dealing, as a matter of standard business practice, in the following respects:

   a. failing and refusing payment and other policy benefits on behalf of Plaintiff at a time when Defendant knew that it was entitled to those benefits;

   b. failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. withholding payment of the benefits on behalf of Plaintiff knowing that Plaintiff's claims for those benefits were valid;

   d. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   a. refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

   b. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

   h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

   i. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

   j. failing to properly evaluate any investigation that was performed;

   k. refusing to consider the reasonable expectations of the insured;

   l. failing and refusing to properly investigate and consider the insurance coverage promised to their insured; and,

all in violation of the covenant of good faith and fair dealing and resulting in financial benefit to the Defendant, National Lloyds Insurance Company.

7. National Lloyds Insurance Company, and their claims adjuster, Steven Wesley, acted unreasonably and in bad faith in denying Plaintiff's claim by asserting the coverage position that National Lloyds does not pay for "wind lifted" shingles. Defendant National Lloyds ignored evidence that the storm "lifted" nearly all the shingles on Mr. Henson's roof and separated the composite shingles from their adhesive strips, and thus, compromised the ability of the roof to function properly. Although this wind damage resulted in leaking inside of Mr. Henson's home, the Defendant asserted the coverage position that there is no coverage for wind damage to Plaintiff's home unless shingles are "torn, broken or creased" and refused to cover the interior damage as well as the wind damage on the roof.

8. As a direct and proximate result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the policy benefits, loss of the coverage promised by National Lloyds, embarrassment, anxiety, frustration and mental and emotional distress, and other incidental damages.

9. Defendant recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff demands judgment against this Defendant, National Lloyds Insurance Company, in an amount in excess of $75,000.00 for compensatory damages and in an amount in excess of $75,000.00 for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

**MANSELL ENGEL & COLE**

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
Adam Engel, OBA #32384

                                              101 Park Avenue, Suite 665
                                              Oklahoma City, OK 73102
                                              T: (405) 232-4100 ** F: (405) 232-4140
                                              E-mail: mec@meclaw.net

                                              ATTORNEYS FOR PLAINTIFF

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**